FILED'09 MAR 13 14:15 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL REMME,                                       CV. 07-273-PA

       Petitioner,                            OPINION AND ORDER

  v.

JEAN HILL,

       Respondent.


C. RENEE MANES
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner

JOHN KROGER
Attorney General
LESTER R. HUNTSINGER
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

    Attorneys for Respondent


1 - OPINION AND ORDER

PANNER, District Judge

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges the legality of his 1998 state court convictions and 2001 re-sentencing. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#15) is DENIED.

## BACKGROUND

In December, 1997, Petitioner was indicted on charges of Sodomy in the First Degree (Counts 1 and 2), Unlawful Sexual Penetration in the First Degree (Counts 3 and 4), Sexual Abuse in the First Degree (Counts 5-8), and Criminal Mistreatment in the First Degree (Counts 9-12) for incidents alleged by his girlfriend's 9-year old son. (Respt.'s Exs. 102; 105 at 3.) During the course of a jury trial, the State moved to dismiss Counts 1-8 after the victim testified about the alleged abuse and then admitted he lied about some of the allegations. The jury found Petitioner guilty on the remaining four counts of criminal mistreatment, and Petitioner was sentenced to 72-months sentence on each count, with sentencing on Counts 10 and 11 to run concurrently to Count 9, and sentencing on Count 12 to run consecutive to Count 9 for a total of 142 months imprisonment.

Petitioner directly appealed, arguing error when the court allowed expert testimony that bolstered the victim's credibility, and that his sentencing exceeded permissible statutory maximums. (Respt.'s Ex. 103.) In a written opinion, the Oregon Court of

2 - OPINION AND ORDER

Appeals affirmed the convictions but remanded the case for resentencing. *State v. Remme*, 173 Or.App. 546, 565, 23 P.3d 374 (2001) (under ORS 161.605(3) the maximum indeterminate sentence for a class C felony is 5 years). Petitioner did not petition the Oregon Supreme Court for review.

On resentencing, Petitioner was sentenced to a term of 60 months on Count 9, to a term of 36 months on Count 10 – concurrent to Count 9, to a term of 36 months on Count 11 – consecutive to Counts 9 and 10, and to a term of 36 months on Count 12 – consecutive to Counts 9, 10 and 11, for a total of 132 months with credit for time served on Counts 9 and 10. (Respt.'s Ex. 101.) The court specified "separate crimes" and "separate harm inflicted to victim during a separate criminal episode" as the reasons for consecutive sentencing on Counts 11 and 12. (*Id.*)

Petitioner directly appealed his new sentence, submitting a *Balfour* Brief comprised solely of Section A before the state court's December 27, 2002, deadline.[1] (Respt.'s Ex. 107.) Petitioner filed assignments of error as a Supplemental *Pro Se*

---

[1] Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

Brief several months after the deadline. (Respt.'s Ex. 108.) The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Remme*, 190 Or.App. 304, 79 P.3d 417 (2003), *rev. denied* 336 Or. 534, 88 P.3d 80 (2004).

Petitioner sought state post-conviction relief ("PCR") raising two claims of trial court error and alleging six instances of ineffective assistance of trial counsel in an amended petition. (Respt.'s Ex. 113.) Although not raised as a ground for relief in his petition, Petitioner argued during the PCR trial that his consecutive sentencing violated the rules announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). The PCR trial court denied relief in a general judgment stating "Petitioner failed to establish allegations of Petition for Post-Conviction Relief." (Respt.'s Ex. 132.)

Petitioner appealed, raising as error the PCR court denying relief on his claim of ineffective assistance of counsel when trial counsel failed to move for a mistrial and on his challenge to the constitutionality of his consecutive sentencing. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Remme v. Hall*, 207 Or. App. 320, 141 P.3d 600 (2006), *rev. denied* 341 Or. 548, 145 P.3d 1109 (2006).

Petitioner filed the instant Amended Petition for Writ of Habeas Corpus (#15) raising five grounds for relief with multiple sub-claims which can be characterized as follows:

4 - OPINION AND ORDER

Ground One: Ineffective Assistance of Trial Counsel in violation of the Sixth Amendment when counsel:
    A) failed to object to the charges pled in Counts 9, 10, and 11 on the grounds the charges were too vague to prepare a defense;
    B) failed to object to jury instructions on Counts 9, 10, and 11;
    C) failed to move for a mistrial when the State moved to dismiss Counts 1-8 midway through the trial after the jury had heard evidence on the charges;
    D) failed to adequately object to the prosecutor continuing to present evidence on the dismissed counts;
    E) failed to adequately examine Petitioner's mother and failed to call Petitioner's brother as a witness;
    F) failed to present an appropriate motion for judgment of acquittal;
    G) at resentencing, failed to raise and preserve challenges to the constitutionality of i) consecutive sentencing and ii) the non-unanimous jury.

Ground Two: Ineffective Assistance of Appellate Counsel in violation of the Fifth and Sixth Amendment when counsel:
    A) failed to challenge the non-unanimous jury based on *Apprendi*;
    B) failed to challenge Petitioner's consecutive sentence based on *Apprendi*;
    C) failed to raise and preserve claims on appeal in so far as the State contends they are procedurally defaulted;
    D) failed in other ways that may be revealed through investigation and discovery.

Ground Three: Deprivation of the Sixth Amendment Right to Proof Beyond A Reasonable Doubt to a Unanimous Jury when:
    A) Petitioner was convicted by less than a unanimous jury;
    B) the Prosecutor argued for consecutive sentencing based on allegations either not charged or dismissed.

Ground Four: Deprivation of Due Process and Fundamental Fairness guaranteed by the Fifth and Fourteenth Amendment

5 - OPINION AND ORDER

when the trial court failed to declare a mistrial after the prosecution moved to dismiss Counts 1-8.

Ground Five: Violations of Due Process and Double Jeopardy in Resentencing when the court changed the initial 72-month concurrent term on Counts 11 to a 36 month consecutive term and Petitioner had already served 44 months in prison.

Respondent asserts the defense of procedural default to all grounds for relief, except Ground One (C), because Petitioner did not properly present his claims in the state courts. (#35, Response at 2.)

## DISCUSSION

### I. Procedural Issues

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (state courts must have an opportunity to act on claims before they are presented in a federal habeas petition). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 2975 (2005). To be fairly presented, the proper factual and legal basis for the claim must be presented to the state court. *Insyxiengmay v. Morgan*, 403 F.3d

657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

If a petitioner has not "fairly presented" his federal claims in state courts, and can no longer do so under state law, then the petitioner's state-court remedies are technically exhausted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir. 1996). When state-court remedies are "technically exhausted" they are also "procedurally defaulted" because "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition". *O'Sullivan,* 526 U.S. at 842; see also *Coleman*, 501 U.S. at 735 n.1 (1991); *Casey*, 386 F.3d at 920. Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice or unless the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

The Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. See Or. Rev. Stat. 138.650 (2005). Grounds for relief not raised in the PCR petition or amended petition are deemed waived. Or. Rev. Stat. § 138.550(3). Claims of trial court error must generally be raised on direct appeal, and

are not recognized when presented for the first time in PCR proceedings unless the petitioner "proves that the failure to raise the issue was due to one (or more) of a few narrowly drawn exceptions[,]" for example, the failure was due to ineffective assistance of counsel, or "petitioner otherwise could not reasonably have been expected to raise the issue at trial." *Palmer v. State*, 318 Or. 352, 358-62, 867 P.2d 1368 (1994); *Quimby v. Hill*, 213 Or.App. 123, 133, 159 P.3d 1264, *rev. denied* 343 Or. 223, 168 P.3d 1154 (2007); *see also* Or. Rev. Stat. § 138.550(2).

A.   Defaulted Claims

Upon review of the record, the court finds the following claims to be procedurally defaulted because they were not raised to the Oregon Court of Appeals and Supreme Court, and the time for doing so has lapsed. *See* Or. Rev. Stat. § 19.255 and § 138.510(3).

1. Ground One (A), (B), (D), (E), (F), (G (i, ii)): although Petitioner raised these claims to the PCR trial court, he failed to raise them to the Oregon Court of Appeals and the Supreme Court in his appeal from the denial of PCR relief. (Respt.'s Exs. 113, 133.)

2. Ground Two: Petitioner failed to raise Ground Two in state court in either his amended PCR petition, or in his PCR appeals. (*Id.*)

3. Grounds Four and Five: Petitioner raises claims of trial court error that were not preserved at trial or at Petitioner's resentencing, and the claims were not raised either on direct

8 - OPINION AND ORDER

appeal or in the PCR proceedings (Respt.'s Exs. 103, 113, 113). Petitioner has not shown cause and prejudice, or that a fundamental miscarriage of justice will result from the failure to hear his claims so as to excuse their default. Accordingly, habeas relief is precluded as to these claims.

B.  Ground Three (A)

Petitioner acknowledges his failure to present Ground Three (A) in state court, but argues exhaustion is not required because there was no available remedy since Oregon courts refused to grant relief on any *Apprendi*-based claims prior to *Blakely*, (#16, Petr.'s Brief at 10-11; #37, Petr.'s Reply at 9-11), and since *Blakely* was announced the State has repeatedly urged the courts to find no basis for relief on challenges to non-unanimous verdicts. (Reply at 10.) Petitioner's argument is without merit.

Neither the refusal of Oregon courts to grant relief on *Apprendi*-based claims prior to *Blakely*, nor the State urging the courts to find no basis for relief in *Apprendi* and *Blakely* for non-unanimous verdicts excuse Petitioner's failure to present his claim in state court. *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Engle v. Isaac*, 456 U.S. 107, 130 (1982) ("futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'")); *Engle*, 456 U.S. at 130 n. 35, ("Even a state court that previously rejected a constitutional argument may decide later to accept the argument.")

9 - OPINION AND ORDER

Furthermore, in the Ninth Circuit, the absence of available State remedies is irrelevant to and provides no excuse for the procedural default of state remedies. Smith v. Baldwin, 510 F.3d 1127, 1138-39 (9th Cir. 2007), cert. denied, 129 S. Ct. 37 (2008). Accordingly, habeas relief on Ground Three (A) is unavailable. Because Ground Three (B) is without merit, the court need not decide the exhaustion issue and will review the claim below. 28 U.S.C. § 2254(b)(2).

## II. The Merits

### A. Standards and scope of review under § 2254.

The standard of review applicable to habeas corpus petitions on behalf of a person in custody pursuant to the judgment of a state court is set out in 28 U.S.C. § 2254 (d):

> "An application [ ] shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

In construing this provision the Supreme Court stated: "[I]t seems clear that Congress intended federal judges to attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those

10 - OPINION AND ORDER

proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Williams v. Taylor*, 529 U.S. 362, 386 (2000). The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002). Here, the limited rational supporting the PCR trial court's decision to deny relief requires this court to conduct an independent review of the record in reviewing Ground One (C). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). Nevertheless, the court gives deference to the ultimate decision of the PCR trial court. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing *Delgado*, 223 F.3d at 982).

Habeas relief may be granted under § 2254(d)(1) when "the state court identifies the correct governing legal principle [ ] but unreasonably applies that principle to the facts of the [ ] case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams*), cert. denied, 126 S. Ct. 484 (2005). "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* A state court decision is "contrary to" clearly established Federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams*, 529 U.S. at 388.

/ / /

11 - OPINION AND ORDER

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle [ ] but unreasonably applies that principle to the facts of the [ ] case." *Lambert*, 393 F.3d at 974 (citing *Williams*.) "[I]t is the habeas applicant's burden to show that the state court applied [the law] . . . in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 24,25 (2002) (internal citations omitted).

B.  Ground One (C)

Petitioner alleges he was denied the effective assistance of trial counsel when counsel failed to move for a mistrial after the State moved to dismiss Counts 1-8 midway through the trial after the jury had heard evidence on these charges. A claim of ineffective assistance of counsel requires a petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987). In a general judgment, the PCR court held Petitioner "failed to establish allegations" of his petition. An independent review of the record leads this court to conclude that the PCR court's adjudication was neither contrary to nor an unreasonable application of established federal law.

In the PCR trial proceeding, PCR counsel argued that, had he been the defense attorney, he would have moved for a mistrial when the prosecution moved to dismiss the counts of sexual abuse due to lack of evidence, and in closing arguments he would have pointed out the prosecutor was to blame for pursuing the charges. (Respt.'s Ex. 131 at 8-9.) However, Petitioner offered no evidence showing that counsel's failure to move for a mistrial fell below objective standards of reasonableness and that, but for his failure, there was a reasonable probability that the outcome of the trial would have been different. Under *Strickland*, for relief to be granted, it was his burden to do so. Accordingly, the PCR court's denying relief was neither contrary to, nor an unreasonable application of established federal law, and federal habeas relief is precluded. 28 U.S.C. § 2254(d).

C. <u>Ground Three (B)</u>

From the Petition (#15), Ground Three (B) could be interpreted to raise a claim of prosecutorial misconduct. However, Petitioner's Brief and Reply make it clear Petitioner is challenging his resentencing as a violation of his rights under the Sixth Amendment, as interpreted in *Apprendi* and *Blakely,* to have facts justifying consecutive sentencing submitted to a jury. (#16, Brief at 11-12; #37, Reply at 11-12.)

The Oregon statute governing consecutive sentencing assigns fact-finding for consecutive sentencing to judges. *See* Or. Rev. Stat. § 137.123(2) and (3). In the Judgment on resentencing, the

13 - OPINION AND ORDER

state court specified "1) separate crime [and] 2) separate harm inflicted to victim during a separate criminal episode" as the reasons for consecutive sentencing on Counts 11 and 12. (Respt.'s Ex. 101, Judgment at 3.) On appeal, the Oregon courts affirmed Petitioner's resentencing without opinion. In the PCR proceedings, although Petitioner had not included Ground Three (B) in his amended PCR petition, he argued that consecutive sentencing was unconstitutional under the rules announced in *Apprendi* and *Blakely*.

The Supreme Court recently upheld the constitutionality of Oregon's consecutive sentencing statute in an *Apprendi/Blakely* challenge to the fact-finding by judges. *Oregon v. Ice*, 129 S.Ct. 711 (2009). Thus, the state courts denying relief on Ground Three (B) was neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

Based on the foregoing, Petitioner's Amended Petition for Writ of Habeas Corpus (#15) is DENIED.

IT IS SO ORDERED.

DATED this __13__ day of March, 2009.

*/s/ Owen M. Panner*
Owen M. Panner
United States District Judge

14 - OPINION AND ORDER